UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONNIE GHOLSON,

Plaintiff,

-against-

HOME BOX OFFICE (HBO), et al.,

Defendants.

1:26-CV-5854 (LTS)

ORDER DIRECTING SIGNATURE
(incarcerated individuals)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff is directed to submit the signature page of the complaint with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 20, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

________________________________________

First Name Middle Initial Last Name

________________________________________

Prison Address

________________________________________

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ________________